UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:18-CV-81450-KAM - MARRA

MICHAEL GIELLO,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

    Defendant.

**JOINT MOTION TO TRANSFER PURSUANT TO LOCAL RULE 3.8 AND INTERNAL OPERATING PROCEDURES 2.06.00 AND 2.15.00, AND MOTION TO STAY DEADLINES PENDING TRANSFER RESOLUTION**

This case is one of twenty cases recently filed in this district, in which Plaintiffs assert claims against Ocwen for alleged violation of the TCPA and FCCPA. The cases currently are pending before four judges in this district. The cases concern the same subject matter, involve the same counsel, and likely could be handled more efficiently and with fewer judicial resources if the cases were handled by one judge for pretrial purposes. The parties therefore move jointly, pursuant to Local Rule 3.8 and Sections 2.06.00 and 2.15.00 of this Court's Internal Operating Procedures, to transfer this action to Judge Rosenberg, who currently presides over the lowest-numbered (and thus earliest-filed) case of the twenty cases pending in this District.

If this IOP 2.15.00 transfer is granted, the parties intend to further reduce the unnecessary duplication of judicial labor by moving to consolidate these cases for pretrial purposes. They therefore jointly request that the Court stay all deadlines until the transfer and consolidation issues is resolved.

## ARGUMENT

Local Rule 3.8 provides that attorneys have a "continuing duty . . . to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings described in Section 2.15.00 of the Court's Internal Operating Procedures. . . ." IOP 2.15.00 states:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (*See* IOP 2.06.00 Transfer of Higher-Numbered Cases).

IOP 2.06.00 provides that "for the purpose of higher-numbered transfers, the 'lower-numbered' case refers to the earlier-filed case."

The parties file as Exhibit A a list and description of the twenty related cases. Exhibit A identifies for each case: (1) the plaintiff name(s); (2) the case number; (3) the date each case was filed (in chronological order starting with the earliest-filed case); (4) the current assigned Judge; and (5) the claims asserted. *See generally* Ex. A. The lowest-numbered (thus earliest-filed) case is *Evans v. Ocwen*, 9:18-CV-81394-RLR, which was filed on October 16, 2018. *See* Ex. A at 1.[40] Judge Rosenberg presides over *Evans* and four other of the related cases. *Id.* The remaining cases are assigned to three other Judges in this District.[41]

---

[40] To the extent additional, related cases are filed, the parties will file further joint notices with the Court and ask that those cases be treated consistently with the relief requested here.

[41] One case (*Katherine Jupin*) is assigned to Judge Dimitrouleas. *See* Ex. A at 1. One case (*Giello*) is assigned to Judge Marra. *Id.* Five cases (*Evans, Victoria Jupin, Zehner, Lattanzio*, and *Robinson*) are assigned to Judge Rosenberg. *Id.* at 1-2. And twelve cases (*Adams, Oudyk, Pearson, Dudley, Wagher, Brown, Scioli, Neba, Knox, Sweeney, Bailey, Sullivan*, and *Picuri*) are assigned to Judge Middlebrooks. *Id*. at 1-2. This Joint Notice is being filed contemporaneously in each of the higher-filed cases.

Transfer is appropriate for two reasons. First, the lower-numbered case pending before Judge Rosenberg concerns the same subject matter as the nineteen other cases. Second, transfer under IOP 2.15.00 will eliminate unnecessary duplication of judicial labor.

## A.     The Twenty Cases Share The Same Subject Matter.

In *Evans* and each of the other nineteen cases, Plaintiffs allege that they received calls on their cellular telephone numbers without their consent or after such consent was revoked in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Each case thus concerns the same fundamental question of law regarding whether Ocwen's dialing system is an "automatic telephone dialing system" ("ATDS"), and whether Plaintiffs consented to such calls. Some of the plaintiffs couple their TCPA claim with derivative claims under Florida's Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA").[42] Ex. A at 1-2. Ocwen has already begun filing Rule 12(b)(6) motions addressing whether the pleadings allege adequately that Ocwen's dialing system is an ATDS. Additionally, the parties expect to exchange discovery requests that are materially the same, and expect Plaintiffs in each case to request Rule 30(b)(6) depositions of Ocwen on materially similar topics.

The cases share other characteristics in addition to these material similarities. Each plaintiff is represented by the firm of Morgan & Morgan. Ocwen is represented in each case by the firm of Hunton Andrews Kurth LLP. And each case was filed relatively recently, so the cases are in similar procedural postures. The cases thus share the same subject matter and are appropriate for transfer to Judge Rosenberg.

---

[42] In certain cases plaintiffs' counsel filed notices that the cases were not related. Plaintiffs' counsel either have, or shortly will, withdraw or otherwise amend such notices because the parties, after meeting and conferring on these issues, agree that the cases are in fact related as contemplated in Local Rule 3.8, as well as IOPs 2.06.00 and 2.15.00.

3

**B.	Transfer Also Will Eliminate Unnecessary Duplication of Judicial Labor.**

In addition to the cases' shared subject matters, transfer will eliminate unnecessary duplication of judicial labor.  As discussed above, the cases have overlapping counsel, parties, legal issues, discovery, and some similar facts.  Absent transfer, four different judges must decide the same issues, against the same defendant, in multiple related cases.  Moreover, because the pending motions to dismiss are being considered by four different judges, there is the potential for inconsistent rulings on the motions.

If this IOP 2.15.00 transfer is granted, the parties intend to further reduce the unnecessary duplication of judicial labor by moving to consolidate these cases for pretrial purposes.  With consolidated matters, the parties will propose to refile their respective Rule 12(b)(6) papers into a master motion, response, and reply.  Such master filings will allow the transferee judge to evaluate only one motion, one response, and one reply for all cases instead of nineteen separate motions, responses, and replies.

If the cases are transferred and ultimately consolidated, the parties also would propose an omnibus scheduling order to set deadlines for all cases and further streamline the matters.  Moreover, upon entry of an agreed-upon master confidentiality and protective order in the transferred and consolidated cases, the parties intend to propose a negotiated period of informal discovery of certain information in an effort to resolve all issues between them.  To the extent the parties are not able to resolve all such issues, and the cases proceed, then they can be addressed uniformly with the parties' cooperation under one Judge.

**C.	Parties Request a Stay of Deadlines While the Transfer Issue is Pending.**

As explained above, the parties are attempting to structure these related cases to maximize the efficiency not only for the Court, but for all parties involved.  Both parties agree

that it would be premature and inefficient at this point to continue to file multiple, largely duplicative dismissal pleadings, meet about and prepare numerous case management reports, as well as exchange full discovery prior to the ruling of this Court on whether this case will be transferred and perhaps consolidated with the other related cases. The parties therefore request that the Court stay all deadlines pending resolution of the transfer and consolidation issues. *See, e.g., Mulligan v. The Frank Found.*, No. 807-CV-1991-T-24MSS, 2008 WL 2074387, at *1 (M.D. Fla. May 14, 2008) (granting stay while transfer issue remained pending). This request will not prejudice any party, but if denied and the cases are transferred and consolidated, the parties will have expended considerable resources and time unnecessarily and destroy the efficiencies that the parties seek to create. The parties and the Court would be best served by a brief stay while the transfer and consolidation issues are addressed.

## **CONCLUSION**

The twenty related cases identified in Exhibit A share the same subject matter. Transfer to Judge Rosenberg (or to any other judge that the judges designate) will eliminate the duplication of judicial resources currently spread between four different judges in this District. The parties therefore respectfully request that their joint motion to transfer be granted. The parties also jointly request that the Court stay all deadlines while the transfer and consolidation issues are resolved.

[Signature on the following page]

Dated:  December 17, 2018                                        Respectfully submitted,

| | |
|---|---|
| */s/ Octavio Gomez* | */s/ Aliza Malouf* |
| Octavio Gomez | Aliza Malouf |
| Florida Bar No. 0338620 | Florida Bar No. 1010546 |
| Morgan & Morgan | Hunton Andrews Kurth LLP |
| 201 N Franklin St, 7th Floor | 1445 Ross Avenue, Suite 3700 |
| Tampa, FL 33602 | Dallas, Texas 75202 |
| Tele:  (813) 223-5505 | Tele:  (214) 979-8229 |
| TGomez@forthepeople.com | amalouf@huntonak.com |
| *Counsel for Plaintiff* | *Counsel for Defendant Ocwen Loan Servicing, LLC* |

## CERTIFICATE OF SERVICE

I certify that on December 17, 2018, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Aliza Malouf*
Aliza Malouf